AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Mar 07 - 2023
John M. Domurad, Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:23-MJ- 140 (DJS)
DNA samples from Ronnie Robinson )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Ronnie Robinson (DOB: October 22, 1994)

located in the    Northern    District of    New York   , there is now concealed *(identify the person or describe the property to be seized)*:
Buccal swab DNA samples from Ronnie Robinson (DOB: October 22, 1994)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g) | Felon in Possession of a Firearm or Ammunition |
| 21 U.S.C. 841(a)(1) | Distribution and Possession with Intent to Distribute a Controlled Substance |
| 18 U.S.C. 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kevin Gonyo, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
  electronic submission and telephonic swearing      *(specify reliable electronic means)*.

Date: 3/7/2023

City and state: Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Kevin Gonyo, being duly sworn, depose and state that:

### INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), an agency of the Department of Justice. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered to investigate and make arrests for offenses of Title 18 and Title 21 of the United States Code. I have been a Special Agent of the FBI for more than six years. I have participated in numerous investigations of criminal organizations and have gained valuable experience making numerous drug and firearm arrests, conducting lawful searches, conducting surveillance, and personally interviewing, interrogating and debriefing numerous subjects about the trafficking, concealment and distribution of drugs and firearms. Additionally, I have worked on several investigations involving the possession, concealment and sale of firearms that have led to the arrest and successful prosecution of offenders. I have also been the affiant on or have assisted on previously served search warrants that have led to the seizure of illegally possessed firearms.

2. This affidavit is submitted in support of an application by the United States for a warrant to obtain a DNA sample, that is, DNA/buccal oral swabs from Ronnie Robinson (DOB: October 22, 1994).

3. Based on the facts set forth below, I respectfully submit that there is probable cause to believe that a DNA sample will constitute evidence of possible violations of federal law, to wit, 18 U.S.C. § 922(g)(1) (Felon in Possession of Firearm and/or Ammunition); 21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime).

1

4.      The information in this affidavit is based upon my conversations with law enforcement agents and others, and my examination of reports and records. Where statements of others are related in this affidavit, they are related in substance and in part unless otherwise noted. Because this affidavit is being submitted for the limited purpose of establishing probable cause to obtain DNA/buccal oral swabs from Robinson, I have not included herein the details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested search warrant should be issued, nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## PROBABLE CAUSE

5.      In November 2021, Robinson was on supervised release for a conviction of being a Felon in Possession of a Firearm in *United States v. Robinson*, 1:15-cr-00025-GLS, ECF No. 22 (NDNY Nov. 4, 2015). On November 30, 2021, during the search of a residence where Robinson had stayed overnight, law enforcement located a black fanny pack containing pre-packaged marijuana in packets with a logo depicting a frog and marijuana leaves, clear twist-tie baggies containing marijuana, and a loaded and chambered Star, Bonifacio Echeverria S.A. model M40 Firestar, .40 caliber pistol bearing serial number 2108569. An agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives has determined that the firearm was manufactured in Spain and imported into the United States in Virginia. Surveillance footage from the building's cameras showed that in the two weeks preceding the search, Robinson traveled to and from the building carrying a black fanny pack at least seven times, including on November 29, 2021, the day before the residence was searched. Robinson admitted in an interview that the black fanny pack belonged to him and that the officers conducting the search would locate marijuana.

6.      A review of Robinson's criminal history shows that, in addition to his prior conviction for being a Felon in Possession of a Firearm noted above, he has also previously been

convicted of the following the following felony offenses: (1) Attempted First Degree Reckless Endangerment, Albany County Court, Dkt. No. 14-051 from February 2014 and (2) Fourth Degree Criminal Possession of Stolen Property in Albany County Court, Dkt. No. 19-7110 for which he was sentenced to one-and-a-half to three years of imprisonment on March 11, 2015.

7. In addition to the marijuana in the black fanny pack, law enforcement also located a shopping bag containing more of the packets of marijuana with the frog logo and a purple tote bag containing approximately half of a pound of marijuana in a clear plastic bag. Based on my training and experience, I know that quantity of marijuana to be indicative of distribution, as opposed to mere personal use. The outside of the clear plastic bag had a printed label that read, "Designer Runtz" and a handwritten notation that read, "RUNTZ."

8. On Robinson's cell phone, law enforcement located messages in which Robinson discussed selling drugs and having "runtz" and "designer runtz" marijuana for sale. On November 2, 2021, Robinson messaged one of his contacts ("bella") that he had "runtz" and further stated, "30 a 8th 200 for the oz." Based on my training and experience, I believe that Robinson was informing "bella" that he had "runtz" marijuana for sale at a price of $30 for 3.5 grams ("8th" is a shorthand reference to 1/8 of an ounce, which is approximately 3.5 grams) and $200 for an ounce ("the oz"). Between November 12, 2021, and November 13, 2021, Robinson exchanged messages with another contact ("Rikki Ricardo") in which Robinson explained that he had not answered that contacts message from the night prior because he had been asleep. The exchange below then followed:

| Rikki Ricardo: | Like I literally didn't buy weed from nobody cause I want your weed you CANNOT b a part time drug dealer |
| --- | --- |
| Robinson: | lmaoo nah i ain't part time gang i'm bouta be omw thoo |
| Rikki Ricardo: | Aighhhh |
| Rikki Ricardo: | Idk how this weed this work hm a half |

3

| | |
|---|---|
| Rikki Ricardo: | Don't try lie either |
| Robinson: | lmaoo i would never get u .. a half of runtz 120 half of cereal milk 140 and gelato 160 |

Based on my training and experience, I believe that, in the above exchange, Ricki Ricardo was chastising Robinson for not having been available on the night of November 13, 2021, to sell Rikki Ricardo marijuana. Thereafter, Rikki Ricardo inquired about how much half of an ounce of marijuana would cost ("Idk [I don't know] how this weed this work hm [how much] a half") and told Robinson to be honest about his prices ("Don't try lie either"). Robinson then provided prices for half of an ounce of various strains of marijuana, including "runtz" ("a half of runtz 120 half of cereal milk 140 and gelato 160"). On November 23, 2021, Robinson messaged a contact saved as "lil bro" that he had "designer runtz" marijuana available ("just got designer runtz").

9. After they were recovered, swabs from the firearm and ammunition were taken and preserved for future DNA analysis and comparison.

## Conclusion and Specific Requests

10. Based on all of the facts and circumstances described above, I believe probable cause exists that Robinson was in possession of the firearm and that such possession constitutes evidence of violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of Firearm and/or Ammunition); 21 U.S.C. § 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime). Collecting a DNA sample from Robinson for comparison to any DNA profile recovered may confirm the presence of Robinson's DNA on the pistol in question, which would be further evidence of his possession of the pistol.

## REQUESTED DNA SAMPLES

11. Based on my training and experience, a DNA/buccal oral swab will be obtained by using swabs and swabbing the inside of Robinson's mouth – specifically, the linings of his cheeks.

To ensure a successful test, we will obtain two samples from each cheek. Based on my training and experience, I know obtaining saliva for DNA comparison is a relatively non-invasive process requiring one or two painless swipes of the oral cavity with a sterile swab. From my experience, I know that this procedure imposes virtually no physical risk, trauma, or pain.

12. The DNA samples will then to be placed in sealed containers and sent to the FBI Laboratory in Quantico, Virginia for analysis and comparison to the swabs taken from the firearm and ammunition.

13. WHEREFORE, I respectfully request that a search warrant be issued pursuant to Rule 41 of the Federal Rules of Criminal Procedure, authorizing myself and other law enforcement officers to obtain DNA samples from Robinson, in accordance with the procedures set forth above.

Attested to by the affiant,

Kevin Gonyo
FBI Special Agent

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on March 7, 2023, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure

Daniel J. Stewart
U.S. Magistrate Judge